UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN E. HOGUE,<br><br>    Plaintiff,<br><br>v.<br><br>VITALCORE HEALTH STRATEGIES, LLC; DR. JOHN TOMARCHIO; JENNIFER ERLICH; LAURA STYPINSKI; DR. ROBERT BUXTON; JOSHUA TUCKETT; and REGISTERED NURSE BLACK,<br><br>    Defendants. | Case No. 1:25-cv-00070-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Brian E. Hogue's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff has filed an Amended Complaint, which supersedes the original complaint. Having reviewed the record, the Court enters the following Order permitting Plaintiff to proceed on some of the claims in the Amended Complaint.

1. **Plaintiff's Response to the Court's Order to Show Cause**

Plaintiff asserts Idaho state law claims and invokes the Court's diversity jurisdiction

under 28 U.S.C. § 1332. The Court previously entered an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. *See* Dkt. 10.

Plaintiff's response (Dkt. 11) is sufficient, at this early stage of the proceedings, to properly allege diversity jurisdiction. However, subject matter jurisdiction is an issue that may be raised at any time, and the Court's conclusion that Plaintiff has, at this point, adequately alleged the requirements of diversity jurisdiction does not preclude a later argument that jurisdiction is lacking. *See* Fed. R. Civ. P. h(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court now proceeds to review the Amended Complaint under §§ 1915 and 1915A.

## 2.     Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be

dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

3.     **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho State Correctional Institution. The events giving rise to Plaintiff's claims occurred while Plaintiff was held in the Canyon County Jail.

When Plaintiff was booked into the Canyon County Jail, he told the intake nurse that he needed a gluten-free diet because he has a serious digestive condition. The non-defendant unidentified nurse responded that the jail did not offer such diets. *Am. Compl.*, Dkt. 6, at 13. Plaintiff later learned the jail did, in fact, provide gluten-free diets.

Plaintiff then requested a gluten-free diet through a health services request form. Defendant Nurse Stypinski denied the request "without even ever conducting any exam or even screening" Plaintiff. *Id*. Plaintiff made multiple other requests for the medically necessary diet, but Defendants Stypinski and Tuckett continued to ignore or deny the requests. *Id*. at 13–14.

The Amended Complaint asserts that, as a result of having to eat foods containing gluten, Plaintiff developed a bowel obstruction. He reported his symptoms to Defendant Nurse Black. Black "took no vital signs, conducted no meaningful examination" other than

to order an x-ray, and "did not cause [Plaintiff] to be seen by a qualified medical provider." *Id*. at 16. Over the next two days, Plaintiff's symptoms became worse, and he had to be taken to a hospital emergency department. The doctor at the hospital stated that Plaintiff needed a gluten-free diet, but Defendants Stypinski and Tuckett (along with other unidentified individuals) continued to refuse Plaintiff that diet. *Id*. at 16–17.

According to the Amended Complaint, Plaintiff also sought medical treatment for serious knee pain. A non-defendant unidentified nurse told Plaintiff that, "because the injury did not happen at the jail, their [sic] was nothing that could be done." *Id*. at 8.

Plaintiff contends that VitalCore Health Strategies, LLC ("VitalCore")—the private company providing Canyon County Jail inmates with medical care under contract with Canyon County—has several policies that constitute negligence. He alleges that VitalCore has a practice of (1) using registered nurses for day-to-day medical treatment issues instead of medical doctors or nurse practitioners; (2) avoiding medical treatments by off-site providers "even if they are medically necessary," (3) refusing to provide treatment for preexisting injuries; and (4) refusing to provide medically necessary diets. *Id*. at 7–9.

Plaintiff sues VitalCore, as well as its medical director (Defendant Tomarchio), its vice president of operations (Defendant Ehrlich), its director of the Canyon County Jail medical program (Defendant Buxton), its health services administrator for Canyon County Jail (Defendant Tuckett), and two registered nurses who work for VitalCore and who were involved in Plaintiff's medical treatment (Defendants Stypinski and Black). *Id*. at 3–4.

4.   **Discussion**

Plaintiff asserts Idaho state law claims of negligence, medical malpractice, and

unjust enrichment. Plaintiff expressly disavows any federal claims, such as civil rights claims under 42 U.S.C. § 1983. *Id*. at 2.

### A.     Standards of Law Applicable to Plaintiff's Claims

The elements of a negligence claim under Idaho law are "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011). A person breaches a duty, and thus acts negligently, when that person acts in a manner in which a reasonable person would not. *See Steed v. Grand Teton Council of the Boy Scouts of Am., Inc.*, 172 P.3d 1123, 1128–29 and n.3 (Idaho 2007) (describing the reasonable person standard as the "negligence standard of care").

Additionally, to succeed on a medical malpractice claim, the plaintiff must "affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence" that the defendant medical provider "negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided." Idaho Code § 6-1012. Additionally, a plaintiff asserting a medical malpractice claim also must first submit the claim to a prelitigation screening panel in accordance with Idaho Code § 6-1001.

"The elements of unjust enrichment are that (1) a benefit is conferred on the defendant by the plaintiff; (2) the defendant appreciates the benefit; and (3) it would be inequitable for the defendant to accept the benefit without payment of the value of the benefit." *Teton Peaks Inv. Co., LLC v. Ohme*, 195 P.3d 1207, 1211 (Idaho 2008).

### B.    Claim 1: Negligent Operation of a Health Care Facility, Asserted against Defendants VitalCore, Tomarchio, Ehrlich, and Tuckett

Plaintiff asserts a claim that VitalCore, Tomarchio, Ehrlich, and Tuckett negligently operated VitalCore, resulting in Plaintiff not receiving adequate medical treatment. *Am. Comp.* at 5–12. This claim is based solely on Plaintiff's allegations that (1) Defendant VitalCore has established the four policies set forth above and (2) Defendants Tomarchio, Ehrlich, and Tuckett are decision-makers for VitalCore.

The mere allegation that VitalCore has policies amounting to negligence is insufficient to state a plausible claim against VitalCore or its employees. Such conclusory allegations "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Further, that Plaintiff experienced allegedly negligent medical treatment does not support a reasonable inference that such care *was the result* of a VitalCore policy. Rather, the "obvious alternative explanation" is that Plaintiff's medical providers exercised their independent judgment in treating Plaintiff. *Id*. at 682 (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 556–57 (holding that an assertion of "parallel conduct" does not plausibly suggest conspiracy under § 1 of the Sherman Act).

Accordingly, Claim 1 does not assert an independent negligence or medical malpractice claim. Mindful of Plaintiff's pro se status, however, the Court will consider whether Defendants VitalCore, Tomarchio, Ehrlich, and Tuckett might be subject to respondeat superior liability with respect to the other claims in the Amended Complaint, discussed below.

### C. Claim 2: Negligence/Medical Malpractice, Asserted against Defendants Stypinski and Tuckett

Plaintiff contends that he repeatedly requested a medically necessary gluten-free diet, which was also recommended by a doctor at the hospital, but Defendants Stypinski and Tuckett refused. *Am. Compl.* at 13–15. These allegations are sufficient at this time to state plausible claims of negligence or medical malpractice against these Defendants based on the gluten-free diet issue.

Further, Defendant VitalCore may be subject to respondeat superior liability with respect to Claim 2. "Under the doctrine of respondeat superior, an employer is liable in tort for the tortious conduct of an employee committed within the scope of employment." *Teurlings v. Larson*, 320 P.3d 1224, 1233 (Idaho 2014) (internal quotation marks omitted). Liberally construing the Amended Complaint, the Court concludes that Plaintiff has plausibly alleged a negligence or medical malpractice claim, under the respondeat superior doctrine, against VitalCore based on Stypinski's and Tuckett's refusals to provide Plaintiff with a medically necessary diet.

However, because Stypinski is employed by VitalCore—not by Defendants Tomarchio and Ehrlich—the Complaint fails to state a plausible respondeat superior claim against these Defendants.

### D. Claim 3: Negligence/Medical Malpractice, Asserted against Defendant Black

Plaintiff alleges that Defendant Black committed negligence or medical malpractice when Black failed to adequately treat Plaintiff for his bowel obstruction, which resulted in a medical crisis. *Am. Compl.* at 15–17. The factual allegations in the Amended Complaint

are sufficient to state a plausible negligence or medical malpractice claim against Defendant Black.

Additionally, for the reasons explained above with respect to Claim 2, the Amended Complaint also states a plausible respondeat superior claim against VitalCore based on Black's actions, but not against Defendants Tomarchio, Ehrlich, or Tuckett.

### E. Claim 4: Negligent Supervision/Medical Malpractice, Asserted against Defendant Buxton

The Amended Complaint contains no factual allegations against Defendant Buxton. Instead, Plaintiff attempts to incorporate the allegations from his initial complaint. *Am. Compl.* at 17.

However, an amended complaint must contain all of a plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint). Therefore, Plaintiff's attempt to incorporate his allegations against Defendant Buxton does not state a plausible claim.

Moreover, incorporating the allegations against Buxton from the initial complaint would result in a violation of General Order 342(A), which (among other things) limits pro se prisoner complaints to 20 pages. *See Wolf v. Idaho State Bd. of Correction*, No. 20-

35600, 2021 WL 3721434, at *2 (unpublished) (9th Cir. Aug. 23, 2021) ("The district court did not abuse its discretion in striking the Second Amended Complaint because [Plaintiff] failed to comply with the 20-page limit for pro se prisoner complaints in civil rights cases set forth in Idaho General Order No. 342 and required by the court's previous order. [Plaintiff's] contentions that the page limit violates his rights to access the courts and to due process lack merit.") (internal citation omitted); *see also Williams v. Stewart*, 830 F. App'x 904 (9th Cir. Dec. 9, 2020) (per curiam) (unpublished) (upholding dismissal with prejudice for failure to comply with General Order 342(A)).

For these reasons, the Amended Complaint does not state a plausible claim against Defendant Buxton.

### F. Claim 5: Unjust Enrichment, Asserted against Defendants VitalCore, Tuckett, Tomarchio, Ehrlich, Buxton, Stypinski, and Black

Finally, Plaintiff asserts a claim of unjust enrichment. He alleges that VitalCore received millions of dollars from the County to provide medical treatment to Canyon County Jail inmates but that it intentionally provided substandard care to cut costs. *Am. Compl.* at 18–19.

The Amended Complaint fails to state a plausible claim for unjust enrichment. Such a claim requires a plaintiff to establish that *the plaintiff* conferred a benefit on the defendant. *Teton Peaks Inv. Co., LLC*, 195 P.3d at 1211. Here, it was Canyon County—not Plaintiff—that conferred the benefit on VitalCore. Therefore, Plaintiff's unjust enrichment claim must be dismissed.

5.  **Conclusion**

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that some are plausible, meaning that they will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1]

**ORDER**

**IT IS ORDERED:**

1. As explained above, Plaintiff may proceed on his negligence and medical malpractice claims against Defendants VitalCore, Stypinski, Tuckett, and Black. All other claims against all other Defendants are DISMISSED, and Defendants Tomarchio, Ehrlich, and Buxton are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the Amended Complaint to assert such claims.

2. The Clerk of Court is directed to forward four completed U.S. Marshals Service forms USM-285, four copies of the Amended Complaint (Dkt. 6),

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

four summonses, and four copies of this Order to the United States Marshals Service, which is directed to serve Defendants at the following addresses[2]:

- **VitalCore Health Strategies, c/o Registered Agent 0152694, 1305 12th Ave. Rd., Nampa, Idaho, 83686**.

- **Laura Stypinski, 219 N. 12th Ave., Caldwell, Idaho, 83605**.

- **Nurse Black, 219 N. 12th Ave., Caldwell, Idaho, 83605**. The Court notes that Plaintiff has not identified Nurse Black's first name. This may result in service problems. If service cannot be accomplished on Nurse Black because of this lack of identification, Plaintiff will be required to provide the full name of Nurse Black.

- **Joshua Tuckett, 219 N. 12th Ave., Caldwell, Idaho, 83605**.

3. After Defendants appear, the Court will issue an order governing the pretrial schedule, including disclosure and discovery in this case. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

4. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to

---

[2] The Court notes that the address Plaintiff has provided for Defendants Stypinski, Black, and Tuckett is a work address. If service cannot be accomplished at that address, Plaintiff will be ordered to provide the Court with these Defendants' home addresses.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

5. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

6. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

7. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

8. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

9. Pursuant to General Order 457, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: November 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge